In re the JOHN G. and Marie Stella KENEDY MEMORIAL FOUNDATION, et al., Relators.

No. 13–03–696–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

June 16, 2004.

Rehearing Overruled Aug. 5, 2004.

See also 2004 WL 1335855.

**136**

Bruce Hawn, Richard L. Leshin, Welder, Leshin & Mahaffey, J.A. 'Tony Canales', Canales & Simonson, P.C., Richard J. Hatch, Sr., Corpus Christi, Jacqueline M. Stroh, Thomas H. Crofts, Jr., Crofts & Callaway, San Antonio, J.G. Adami, Jr., Adami & Paisley, Alice, Stephen Jody Helman, Jeffrey T. Knebel, Osborne & Helman, Austin, Ray Chester, Thomas O.

Barton, McGinnis, Lochridge & Kilgore, Austin, for Relator,

J. Bonner Dorsey, Sam Westergren, Corpus Christi, Mark A. Schwartz, Dubois, Bryant, Campbell, Austin, for Real Parties In Interest.

John W. Vinson, Consumer Protection Division, Charitable Trusts Section, Austin, for State.

Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, John Matthew Sjoberg, Austin, Daniel McNeel Lane, Jr., David R. Nelson, Akin, Gump, Strauss, Hauer & Feld, San Antonio, for Other Interested Parties.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

In this original proceeding, relators [1] ask us to determine whether a statutory probate court judge has authority to transfer to his court bills of review pending in other courts pursuant to section 5B of the probate code. *See* Tex. Prob.Code Ann. § 5B.[2] Real party in interest, Ann Fernandez, filed four bills of review in the County Court of Kenedy County seeking to reopen the estates of John G. Kenedy, Jr., his wife Elena Suess Kenedy, and his sister Sarita Kenedy East. She also filed bills of review in other courts challenging several judgments pertaining to the disposition of the three estates. The respondent, the Hon-

---

1. The relators are The John G. and Marie Stella Kenedy Memorial Foundation, Frost National Bank, Former Executor of the Estate of Elena Suess Kenedy, deceased, and Frost National Bank and Pablo Suess, Trustees of the John G. Kenedy, Jr. Charitable Trust.

2. We refer to the version of section 5B as it was amended by and appears in Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999

Tex. Gen. Laws 4876, 4876. This version was in effect at the time the underlying actions were filed. Section 5B was subsequently amended, although the language relevant to this proceeding remained untouched. Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 3.06, 2003 Tex. Gen. Laws 847, 854 (codified at Tex. Prob.Code Ann. § 5B (Vernon Supp. 2004)).

orable Guy Herman, a statutory probate court judge assigned to the County Court of Kenedy County, transferred to his court three of Fernandez's bills of review filed in other courts and consolidated these with bills of review pending in his court pursuant to section 5B of the probate code. In a plea to the jurisdiction, a motion to dismiss for lack of jurisdiction, and a response to the motion to transfer, relators unsuccessfully challenged the statutory probate court judge's authority to transfer the three bills of review.

In this proceeding, relators contend the statutory probate court judge had no authority to transfer the bills of review from other courts to his court because (1) well-settled law provides that only the court that issued the judgment has jurisdiction to hear the bill of review attacking that judgment; and (2) in the alternative, section 5B of the probate code did not provide the statutory probate court judge with authority to transfer the bills of review to his court because no estate was pending before him at the time of the transfer. Because we conclude the statutory probate court judge had no statutory authority to order the transfers, we conditionally grant the writ and order the statutory probate court judge to vacate his orders transferring the three bills of review to his court.

## I. FACTUAL AND PROCEDURAL HISTORY

Fernandez alleges she is Mr. Kenedy's biological daughter and only learned this fact in the past few years. Through bills of review, she seeks to reopen the administration of Mr. Kenedy's estate, Mrs. Kenedy's estate, and Ms. East's estate, and

other actions described below and related to the disposition of these estates.

### A. John G. Kenedy, Jr.'s Estate and Related Action

Mr. Kenedy died in 1948.[3] His will was admitted to probate in the County Court of Kenedy County in *Estate of John G. Kenedy, Jr.*, cause number 189. In his will, Mr. Kenedy bequeathed to his wife his property, "both personal and mixed."

Humble Oil & Refining Company held oil, gas, and mineral leases to real property belonging to Mr. Kenedy. In 1949, it filed suit in the District Court of Kenedy County in *Humble Oil & Refining Company v. East*, cause number 35, seeking a determination of whether Mr. Kenedy's will disposed of his real property. The final judgment established that Mr. Kenedy's will disposed of all of his property, including his real property and real property interests. In 1952, the administration of Mr. Kenedy's estate in cause number 189 was completed.

### B. Sarita Kenedy East's Estate and Related Actions

Ms. East died in 1961. A will dated 1960, which left a portion of her estate to The John G. and Marie Stella Kenedy Memorial Foundation (the Foundation), was admitted to probate in the County Court of Kenedy County in *Estate of Sarita K. East*, cause number 344. Several matters relating to the disposition of Ms. East's estate were litigated extensively in various cases.[4]

Among those causes of actions was a will contest filed in the County Court of Kene-

---

3. According to Fernandez's pleadings, Mr. Kenedy was at one time a county judge who heard, among other things, the county's probate matters.

4. *See Trevino v. Turcotte*, 564 S.W.2d 682, 684–85, 684 n. 1 (Tex.1978) (describing some facts relevant to the disposition of Ms. East's estate and listing various other appeals involving her estate).

dy County in *Trevino v. Turcotte*, cause number 348. The county court set aside Ms. East's 1960 will and the order admitting it to probate. Proponents of the 1960 will filed appeals that were consolidated into cause number 101–209–D in the District Court of Nueces County. That court rendered a judgment that, among other things, found the 1960 will and a specified codicil to be Ms. East's last will and testament. Portions of the judgment were appealed and, ultimately, upheld. *See Trevino v. Turcotte*, 564 S.W.2d 682, 690 (Tex. 1978).

In 1964, Arnold Garcia, an appointed temporary administrator of Ms. East's estate, filed suit in the District Court of Kenedy County in *Garcia v. The John G. and Marie Stella Kenedy Memorial Foundation*, cause number 85, to set aside inter vivos gifts Ms. East made to the Foundation. Ultimately, the district court dismissed this action.

The Attorney General filed suit seeking a final accounting of Ms. East's estate in the District Court of Kenedy County in *Mattox v. Alice National Bank*, cause number 158. In 1986, the district court concluded a final accounting should be made and transferred the case to the County Court of Kenedy County for proceedings consistent with the judgment. Accordingly, the county court issued an order closing Ms. East's estate in cause number 344 in 1987.

### C. Mrs. Kenedy's Estate

Mrs. Kenedy died in 1984, leaving a portion of her estate to the John G. Kenedy, Jr. Charitable Trust (the Trust). Her will was admitted into probate in cause number 379 in the County Court of Kene-

dy County. The administration of her estate was completed in 1985.

### D. The Underlying Actions

Beginning in October 2001, Fernandez filed numerous actions seeking to reopen most of the suits described above. In these bills of review, she alleges she is entitled to her intestate share of real property Mr. Kenedy did not dispose of in his will and that she is an heir of Ms. East. She contends she should have been a party in the suits pertaining to the three estates. She requests, among other things, an accounting and distribution from the Foundation and Trust as beneficiaries of the estates.

She filed the following bills of review in the County Court of Kenedy County:

1) *Estate of John G. Kenedy, Jr.*, cause number 189;[5]

2) *Estate of Sarita Kenedy East*, cause number 344;

3) *Estate of Elena Suess Kenedy*, cause number 379; and

4) *Estates of John G. Kenedy, Jr., Sarita Kenedy East, and Elena Suess Kenedy*, cause number 395.

She filed bills of review in the District Court of Kenedy County in the following actions:

1) *Humble Oil & Refining Co. v. East*, cause number 35 (renumbered to 03–CV–050); and

2) *Garcia v. The John G. & Marie Stella Memorial Foundation*, cause number 85 (renumbered to 03–CV–051).

She filed a bill of review in the District Court of Nueces County in *Trevino v. Turcotte*, cause number 101–209–D, which

---

**5.** Before she filed her bill of review in cause number 189, she filed an "Application to Set Aside Order Probating [John G. Kenedy, Jr.'s] Will With Application for Declaration and De-

termination of Heirship." This pleading contained essentially the same allegations she later included in the bill of review filed in cause number 189.

was renumbered to 02–2959–D. She also filed a suit titled *Fernandez v. Exxon Mobil Corporation,* cause number 02–2331–C in the District Court of Nueces County.

Because Kenedy County does not have a statutory probate court, the Foundation filed motions for the assignment of a statutory probate court judge in cause numbers 344 and 395 pursuant to section 5(b) of the probate code. *See* TEX. PROB.CODE ANN. § 5(b) (Vernon Supp.2004) (allowing county court to request assignment of statutory probate court judge). The Trust filed a similar motion in cause number 395. On June 10, 2002, the county court granted the motion. The Honorable Guy Herman, a statutory probate court judge, was subsequently appointed to preside over cause numbers 344 and 395 in the County Court of Kenedy County by order of the presiding judge of the statutory probate courts and pursuant to section 25.0022 of the government code. *See* TEX. GOV'T CODE ANN. § 25.0022(h) (Vernon 2004). The order stated the assigned judge would hold all rights, powers, and privileges held by the regular judge of the court and the attendant jurisdiction of a statutory probate court. *See id.* § 25.0022(i).

On November 5, 2002, the statutory probate court judge consolidated into cause number 395 the bill-of-review proceedings in cause numbers 189, 344, and 379, which were all then pending in the County Court of Kenedy County. On the Foundation's motion to transfer, he also ordered the suit in cause number 02–2331–C and bill of review in cause number 02–2959–D, both pending in Nueces County, be transferred to his court and consolidated with cause number 395.

In August 2003, the Foundation filed a motion to dismiss for lack of jurisdiction in cause number 395 contending, among other things, the statutory probate court judge was without jurisdiction to order the transfers. Fernandez then filed a motion to transfer requesting that the statutory probate court judge transfer the bill-of-review proceedings in 03–CV–050 and 03–CV–051, which were then pending in the District Court of Kenedy County, to the county court and consolidate them with cause number 395. The Trust filed a plea to the jurisdiction challenging the transfer of the bills of review from the other courts to the county court on the basis that only the court that rendered the judgment can hear a bill of review challenging that judgment. The Foundation filed a response to the motion to transfer also contending the court had no jurisdiction to transfer the cases from the other courts.

In an order dated August 27, 2003, the statutory probate court judge denied both the motion to dismiss and the plea to the jurisdiction.[6] He issued an order the same day that transferred cause numbers 03–CV–050 and 03–CV–051 from the District Court of Kenedy County to itself and consolidated these cases with cause number 395. Relators filed this original proceeding challenging the statutory probate court judge's authority to transfer cause numbers 02–2959–D, 03–CV–050, and 03–CV–051 to his court.[7]

---

**6.** The statutory probate court judge issues an amended order on September 11, 2003. The changes to the August 27 order have no bearing on our analysis.

**7.** The Attorney General filed a petition in intervention in cause numbers 344 and 395 in August 2002 pursuant to section 123.002 of the property code and later joined in the

motion to dismiss for lack of jurisdiction and the plea to the jurisdiction. *See* TEX. PROP. CODE ANN. § 123.002 (Vernon 1995) (giving Attorney General right to intervene in proceeding involving charitable trust). In a related appeal, the State of Texas raised the same issues brought by relators here. *See State v. Fernandez,* No. 13–03–546–CV, —— S.W.3d ——, 2004 WL 1335855, 2004 Tex.

## II.  ANALYSIS

As an initial matter, we note relators state in their petition the orders they are challenging are the orders denying. the motion to dismiss for lack of jurisdiction and denying the plea to the jurisdiction with respect to cause numbers 02–2959–D, 03–CV–050, and 03–CV–051.  However, at the time the motion to dismiss and the plea to the jurisdiction were filed by the Foundation and Trust, cause numbers 03–CV–050 and 03–CV–051 had not yet been transferred and were not yet pending before the statutory probate court judge. The transfer of these two cases was not made until the same day the judge ruled on the motion to dismiss and the plea to the jurisdiction.  The statutory probate court judge could not have granted the relief requested in the motion or the plea with respect to these two actions until after the transfers had been made.

Moreover, in their arguments to this Court, relators contend only that these three cases should be heard in the courts in which they were originally filed.  Their entire argument relates to the statutory probate court judge's authority to transfer the three bills of review to his court.  Accordingly, we will treat this petition for writ of mandamus as a challenge to transfer of cause number 02–2959–D on November 5, 2002 and the transfer of cause numbers 03–CV–050 and 03–CV–051 on August 27, 2003.

■■■  Mandamus is available only where a trial court clearly abuses its discretion and there is no adequate remedy at law. *In re SWEPI*, 85 S.W.3d 800, 804 (Tex. 2002) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding).  We first consider whether the statutory probate court judge abused his discretion in transferring to his court the three bills of review pending in other courts.

## A.  Abuse of Discretion

■■■  A trial court clearly abuses its discretion where it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839.  In challenges to factual determinations or matters committed to the trial court's discretion, relator must show that the trial court could have reasonably reached only one decision. *Id.* at 839–40.  We cannot disturb the trial court's decision, even if we would have decided the issue differently, unless it is shown to be arbitrary and unreasonable. *Id.* at 840.  Review of a trial court's determination of the legal principles controlling its ruling, however, is much less deferential. *Id.* "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* The trial court abuses its discretion when it clearly fails to correctly analyze or apply the law to the facts. *Id.*

In this instance, the issues before us are whether the longstanding rule requiring bills of review to be filed in the court that rendered the judgment under attack precludes certain transfers under section 5B of the probate code and whether a bill of review seeking to reopen an estate closed long ago renders the estate "pending" as that word is used in section 5B. Both of these issues challenge the legal principles controlling the determination of whether the bills of review should have been transferred.  Accordingly, the proper inquiry is whether the statutory probate court clearly failed to correctly analyze or apply the law to the facts. *See id.*

## 1. Bills of Review

█ In their first issue, relators contend the statutory probate court had no jurisdiction over the bills of review pending in the District Court of Nueces County and the District Court of Kenedy County because of the longstanding rule that requires a bill of review to be filed in the court that rendered the judgment under attack. *See, e.g., Rodriguez v. EMC Mortgage Corp.*, 94 S.W.3d 795, 797 (Tex.App.-San Antonio 2002, no pet.); *Brox v. Kelly*, 87 S.W.2d 753, 754 (Tex.Civ.App.-Texarkana 1935, writ dism'd by agr.). Relators say that despite the transfer power granted to the statutory probate court judge by section 5B of the probate code, only the court in which the bill of review was properly filed can transfer the proceedings to another court.

█ A bill of review is an independent action brought to set aside a judgment that is not void on the face of the record and no longer appealable or subject to a motion for a new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). When properly brought, a bill of review is a direct attack on the judgment. *Solomon, Lambert, Roth & Assocs. Inc. v. Kidd*, 904 S.W.2d 896, 899 (Tex.App.-Houston [1st Dist.] 1995, no writ).

█ Because a bill of review is a direct attack on the judgment, it must be brought in the court rendering the judgment, and only the court that rendered the original judgment has jurisdiction over the bill of review. *Richards v. Comm'n for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Kidd*, 904 S.W.2d at 900; *Martin v. Stein*, 649 S.W.2d 342, 346 (Tex.App.-Fort Worth 1983, writ ref'd n.r.e.) (per curiam); *cf. Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973). The requirement that a bill of review be filed in the court that rendered the judgment is a matter of jurisdiction, not merely of venue. *Kidd*, 904 S.W.2d at 900. The rule is intended to protect principles of comity:

> We believe the policy considerations for the rule remain sound. Under the principles of comity, a court should not be permitted to interfere with the final judgment of another court of equal jurisdiction. Apart from the unseemliness of such conduct, the rule avoids 'confusion, judge-shopping and conflicting results.' Although the Government Code and the rules of civil procedure authorize district judges in multiple court counties to hear matters from other courts . . ., for the purposes of the rule requiring direct attacks to be filed in the court of judgment, the district courts are considered to be jurisdictionally separate.

*Pursley v. Ussery*, 937 S.W.2d 566, 568 (Tex.App.-San Antonio 1996, no writ) (citations omitted).

█ However, once the bill of review has been filed in the court in which the judgment was entered and jurisdiction has attached, the case may be transferred to another court for a determination on the merits in appropriate cases. *Rodriguez*, 94 S.W.3d at 797–98; *Outlaw v. Noland*, 506 S.W.2d 734, 735 (Tex.Civ.App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.).[8] Re-

---

8. *See also Fassy v. Kenyon*, 675 S.W.2d 217, 218–19 (Tex.App.-Houston [1st Dist.] 1984, orig. proceeding) (once jurisdiction attached in proper district court of one county, bill of review could be transferred to district court of another county pursuant to family code section authorizing such transfers); *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex.Civ.

App.-Houston [1st Dist.] 1980, no writ) (once jurisdiction attached in proper county court, bill of review could be transferred to district court where transfer authorized under section 5 of probate code); *Whitfield v. Atkinson*, 106 S.W.2d 804, 806 (Tex.Civ.App.-Texarkana 1937, no writ) (if order properly transferred direct attack from district court that rendered

lators contend the line of cases allowing for the transfer of a bill of review once jurisdiction has attached does not apply here because only the court in which the bill of review was properly filed can transfer the bill of review to another court. Relators cite no case law nor did we find any that explicitly states that under this rule only the court in which the judgment was rendered may order the transfer to another court regardless of statutory authority.

On the contrary, the rule as stated in all of these cases is simply that once jurisdiction has attached, the bill of review may be transferred in appropriate cases. *See Rodriguez*, 94 S.W.3d at 797; *Outlaw*, 506 S.W.2d at 735. The focus in determining whether the transferee court has jurisdiction is not whether the court that rendered the judgment under attack ordered the transfer, but whether the court hearing the bill of review was authorized to do so by law after jurisdiction attached in the proper court. *See, e.g., Fassy v. Kenyon*, 675 S.W.2d 217, 218–19 (Tex.App.-Houston [1st Dist.] 1984, orig. proceeding) (transferee court had jurisdiction over bill of review where transfer authorized by family code); *Brox*, 87 S.W.2d at 755 (transferee court had jurisdiction over direct attack where transfer authorized by civil statute). Particularly instructive here is the recent decision in *Rodriguez.*

In *Rodriguez*, the bill of review was filed in the county court at law that originally rendered the judgment under attack.

*Rodriguez*, 94 S.W.3d at 797. A plea to the jurisdiction, which challenged the standing of the party who filed the bill of review and the jurisdiction of the court based on a related pending appeal, was heard and ruled on by a second court. *Id.* at 797–98. The second court granted the plea and dismissed the bill of review. *Id.* at 797.

On appeal, one of the issues before the court was whether the second court had any jurisdiction over the bill of review in light of the rule that requires a party to file a bill of review in the court that entered the judgment under attack. *Id.* The appellate court stated that once the bill of review was filed in the court that rendered the original judgment, jurisdiction attached. *Id.* Once jurisdiction attached, the second court had authority to hear the bill of review pursuant to section 74.094 of the government code, which authorizes a statutory county court judge to hear and determine a matter pending in any statutory county court in the county regardless of whether the case was transferred. *Id.* at 798 (citing Tex. Gov't Code Ann. § 74.094 (Vernon Supp.2002)).

Relators contend that no case law supports the notion that the transferee court can usurp the original court's power by acting as both transferor and transferee. We disagree. We have previously acknowledged the general rule that *"[a]bsent specific authority,"* a trial court has no power to transfer to itself a matter pending in another trial court. *Flores v.*

original judgment to special district court, the latter court had jurisdiction to hear matter); *Snell v. Knowles*, 87 S.W.2d 871, 875 (Tex. Civ.App.-Texarkana 1935, writ dism'd w.o.j.) (where direct attack properly filed in district court was transferred to other district court pursuant to legislative authority, latter court had jurisdiction); *Brox v. Kelly*, 87 S.W.2d 753, 755 (Tex.Civ.App.-Texarkana 1935, writ dism'd by agr.) (where action to set aside

judgment originally filed in proper district court and subsequently transferred to special district court pursuant to civil statute, latter court had jurisdiction over action); *Ross v. Drouilhet*, 34 Tex.Civ.App. 327, 80 S.W. 241, 244 (1904, writ ref'd) (on reh'g) (transfer of action from district court that rendered judgment to another district court pursuant to law did not cause action to lose its nature as direct attack).

*Peschel,* 927 S.W.2d 209, 213 (Tex.App.-Corpus Christi 1996, orig. proceeding) (emphasis added). However, we also noted various statutory provisions that provide authority for such transfers, including section 5B of the probate code. *Id.*

■ We hold that once jurisdiction attaches in the proper court, a bill of review may be transferred by another court to itself if specific authority exists for the transfer. Here, the three transferred bills of review were originally filed in the courts that rendered the judgments under attack. Accordingly, jurisdiction attached at that time. *See Rodriguez,* 94 S.W.3d at 795. We next consider whether section 5B of the probate code, the statute under which the actions were transferred to the county court, provided the specific authority for the transfers in this instance.

#### 2. Pending Estate

■ In relators' second issue, they contend the statutory probate court judge had no authority under section 5B to transfer the bills of review to itself because the transfer power under this section is only triggered when an estate is pending before the court. Relators argue the estates of Mr. and Mrs. Kenedy and Ms. East were closed long ago and were not rendered "pending" merely by the filing of the bills of review seeking to set aside the orders probating their wills.

In construing a statute, our purpose is to give effect to the intent of the legislature. *State v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *Alba v. Nueces County Sheriff's Dep't,* 89 S.W.3d 132, 133 (Tex. App.-Corpus Christi 2002, pet. denied). If the statute is unambiguous, we look to the plain and common meaning of the words and terms used to discern the legislature's intent. *Gonzalez,* 82 S.W.3d at 327; *Alba,* 89 S.W.3d at 134. Where the legislature has not defined a word, we apply its ordi-

nary meaning. *Monsanto Co. v. Cornerstones Mun. Util. Dist.,* 865 S.W.2d 937, 939 (Tex.1993). When we do so, we may not by implication enlarge the meaning of the word; such implications are " *'forbidden* when the legislative intent may be gathered from a reasonable interpretation of the statute *as it is written.'* " *Id.* (quoting *Sexton v. Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129, 138 (Tex.App.-Austin 1986, writ ref'd n.r.e.)).

Section 5B provides:

A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to *an estate pending in the statutory probate court* or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B (emphasis added). The word "pending" is not defined in the probate code. *See* TEX. PROB.CODE ANN. § 3 (Vernon 2003). *Black's Law Dictionary* defines "pending" as:

Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy. Thus, an action or suit is 'pending' from its inception until the rendition of a final judgment.

BLACK'S LAW DICTIONARY 1134 (6th ed.1990); *see Alba,* 89 S.W.3d at 134 (utilizing *Black's Law Dictionary's* definition of "suspension" in construing statute).

The word "pending" does not describe a closed estate. "[T]he final distribution of an estate's assets after all debts and claims against the estate are paid results in the closing of the estate." *Interfirst Bank–Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex.App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.); *see also Pugh v. Turner*, 145 Tex. 292, 197 S.W.2d 822, 826 (1946); *In re Hanau*, 806 S.W.2d 900, 903 (Tex.App.-Corpus Christi 1991, orig. proceeding [leave denied]). Thus, an estate that is closed cannot simultaneously be considered pending because in order to close the estate, all debts, claims, and distributions must be settled and completed. *Cf. Tex. Commerce Bank–Rio Grande Valley, N.A. v. Correa*, 28 S.W.3d 723, 727 (Tex.App.-Corpus Christi 2000, pet. denied) (concluding estate in which administration was closed could not be considered "pending" probate proceeding).

The question becomes whether filing a bill of review renders an estate that has been closed "pending" for purposes of triggering the transfer power contained in section 5B. We look to case law describing the effect of filing a bill of review on the judgment it seeks to set aside.

Texas recognizes a policy favoring finality of judgments. *Baker v. Goldsmith*, 582 S.W.2d 404, 409 (Tex.1979). Once a judgment is rendered final, "it must be accorded a measure of respect or litigation would tend to become endless." *Id.* A bill of review, by its nature, acknowledges the existence of a final judgment. *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex.1975) (orig.proceeding). The filing of a bill of review alone will not affect the finality of the judgment. *Id.* To have the judgment set aside, the complainant must first meet certain pretrial burdens and then prevail on the merits. *Baker*, 582

S.W.2d at 408–09 (describing complainant's pretrial *prima facie* burden of proof); *Kessler v. Kessler*, 693 S.W.2d 522, 526 (Tex. App.-Corpus Christi 1985, orig. proceeding).

The record indicates that the estates of Mr. Kenedy, Mrs. Kenedy, and Ms. East were all closed years ago, a fact no party disputes. The County Court of Kenedy County issued an order in 1987 closing Ms. East's estate. The administrations of Mr. Kenedy's and Mrs. Kenedy's estates were completed in 1952 and 1985 respectively, which had the effect of closing the estates. *See Interfirst Bank–Houston, N.A.*, 699 S.W.2d at 874.

Fernandez filed bills of review seeking to set aside the orders of the County Court of Kenedy County probating the wills of Mr. and Mrs. Kenedy and Ms. East and seeking a redistribution of the assets. In our review of the pleadings and other documents in the record, we have found no order setting aside the orders probating the wills or otherwise reopening the administration of the estates; nor have relators contended that any such orders exist. Accordingly, the estates remained closed.

To reach any other conclusion would allow any closed estate to be rendered "pending," and hence unsettled or undetermined, by the mere filing of a bill of review without any consideration as to whether the bill of review was properly filed or satisfies the initial burden of proof. Under this rationale, every estate ever closed could be rendered "pending" at any time in the future.

The dissent finds dispositive that the Foundation itself requested one of the transfers at issue here and neither the Trust nor the Foundation challenged any of the transfers ordered on November 5,

2002 at the time they were made.[9] The dissent concludes that these actions provide ample ground for denying relief under equitable principles.

■ In a case where a probate court transferred a matter from another court to itself without statutory authority under section 5B, the supreme court determined the probate court "erroneously concluded it had *jurisdiction.*" *In re SWEPI,* 85 S.W.3d at 809 (emphasis added). Jurisdiction of the court cannot be acquired by estoppel or waiver. *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan,* 51 S.W.3d 293, 294 (Tex.2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–445 (Tex.1993). Accordingly, we disagree with the dissent's position.

The dissent also notes that no party has challenged the assignment of the statutory probate court judge, which requires the existence of a "contested probate matter" under section 5(b) of the probate code. *See* Tex. Prob.Code Ann. § 5(b). The dissent equates the phrase "estate pending" with the term "contested probate matter." From this, the dissent concludes a determination that no estate was pending would require a determination that the assignment of the statutory probate court judge was improper.

We do not reach the same conclusion. The phrase "probate matter" includes matters or proceedings relating to the estate of a decedent. Tex. Prob.Code Ann. § 3(bb) (Vernon 2003). The phrase "contested probate matter" as used in section 5(b) has been held to encompass a bill of review attacking an order admitting a will to probate. *Jackson v. Thompson,* 610 S.W.2d 519, 522 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ). Thus, the filing of a bill of review can be sufficient to satisfy the "contested probate matter" requirement of section 5(b) without rendering a closed estate "pending" for purposes of section 5B. Had the legislature intended that the transfer power of 5B be triggered by the pendency of a contested probate matter in the probate court, it could have easily stated so. It did not.

The legislature has expressed a preference for convenience and consistency. *See In re Ramsey,* 28 S.W.3d 58, 63 (Tex.App.-Texarkana 2000, orig. proceeding) (purpose of section 5B is to promote efficient administration of estates and judicial economy). However, we do not believe this compels us to broaden the scope of section 5B by applying it to situations that clearly do not meet the requirements of that section. To do so would require us to, in essence, rewrite the statute and ignore our policy in favor of finality of judgments. *See Baker,* 582 S.W.2d at 409. These are actions we are neither authorized nor willing to do in this case. *See Monsanto Co.,* 865 S.W.2d at 939.

■ Because the three estates were closed long ago and not reopened by the mere filing of the bills of review, we conclude none of these three estates is "pending." Without an estate pending before him, the statutory probate court judge was

---

**9.** As noted above, the statutory probate court judge also transferred cause number 02–2331–C pending in Nueces County and cause numbers 189, 344, and 379 pending in the County Court of Kenedy County to his court and consolidated these with cause number 395 on November 5, 2002. In a footnote in their petition, relators acknowledge their petition does not include challenges to these other transfers because, according to relators, cause number 02–2331–C did not involve a bill of review and the cause numbers 189, 344, and 379 did not constitute collateral attacks on the judgments they challenged. We understand relators to say that the arguments they raise in this proceeding are not applicable to these other transfers. We do not address the validity of this rationale as these other transfers are not at issue before us.

without any statutory authority under section 5B to transfer to the county court the bills of review filed in the District Court of Nueces County and the District Court of Kenedy County. In ordering the transfers, the statutory probate court judge clearly failed to analyze the law correctly and properly apply it to the facts before him.

### 2. No Adequate Remedy at Law

█ We will not grant mandamus relief where there is a clear and adequate remedy at law. *Walker*, 827 S.W.2d at 840. Writ will issue only where the situation involves manifest and urgent necessity. *Id.*

In *In re SWEPI*, the supreme court found that, under the specific facts in that case, the probate court had no statutory authority under section 5B of the probate code to transfer to itself a case pending in another court. *In re SWEPI*, 85 S.W.3d at 808. In determining whether an adequate remedy at law existed, the supreme court noted that, by its actions, the probate court actively interfered with the jurisdiction of the court in which the suit was pending; that is, the probate court took jurisdiction away from that court through the erroneous transfer order. *Id.* at 809. Relying on law allowing mandamus relief where one court interferes with the jurisdiction of another, the supreme court concluded mandamus relief was proper in that instance. *Id.*

█ Here, we also concluded the statutory probate court judge lacked statutory authority to order the transfer of the three bills of review at issue under section 5B of the probate code. He not only erroneously concluded he had jurisdiction over these matters, but also actively interfered with the jurisdiction of the district courts of Nueces County and Kenedy County. Accordingly, mandamus relief is appropriate. *See id.*

### III. CONCLUSION

No estate was pending before the statutory probate judge at the time he ordered the transfers of the three bills of review pending in other courts. Thus, he had no authority under section 5B of the probate court to order the transfers and abused his discretion in doing so. Under these circumstances, mandamus relief is appropriate. Accordingly, we conditionally grant the writ and direct the statutory probate court judge to vacate the portion of his November 5, 2002 order transferring cause number 02–2959–D to his court and his order dated August 27, 2003 transferring cause numbers 03–CV–050 and 03–CV–051 to his court. The writ will issue only if the statutory probate court judge fails to comply. We also lift the stay of the proceedings in cause number 395 imposed by our order dated February 9, 2004.

Dissenting opinion by Justice CASTILLO.

CASTILLO, Justice, Dissenting.

I respectfully dissent. I would deny the petition on the merits. The underlying litigation in this original proceeding chronicles imperishable claims to the real property of South Texas rancher John G. Kenedy, Jr., his wife Elena Suess Kenedy, and his sister Sarita K. East. The family saga from which this petition for mandamus emerged is serialized in prior opinions of this and other courts, where the reader can find a complete list of the parties and other details.[1] This latest chapter re-

---

1. *Trevino v. Turcotte,* 564 S.W.2d 682 (Tex. 1978); *Corpus Christi Bank & Trust v. Alice*

*Nat'l Bank,* 444 S.W.2d 632 (Tex.1969); *Turcotte v. Alice Nat'l Bank,* 402 S.W.2d 894

counts the recent claims of the real party in interest, Ann M. Fernandez. Fernandez alleges she is the biological, extramarital daughter and sole heir of John G. Kenedy, Jr. I present only an abbreviated summary of events here to place this request for extraordinary relief in its proper context.

The John G. and Marie Stella Kenedy Memorial Foundation (the "Foundation"), The John G. Kenedy, Jr. Charitable Trust (the "Trust"), and parties aligned with the Trust [2] challenge a statutory probate court judge's transfer of three bill-of-review proceedings filed in district court by Fernandez. *See* TEX. PROB.CODE ANN. § 5B.[3] I would deny the petition for writ of mandamus.

## I. THE ISSUES PRESENTED

In a joint petition for mandamus, the Foundation and Trust assert they are entitled to extraordinary relief to correct the statutory probate court judge's interference with the jurisdiction of the district court by unilaterally transferring the bill-of-review proceedings.[4] *See id.* The

(Tex.1966); *Turcotte v. Trevino,* 544 S.W.2d 463 (Tex.Civ.App.-Corpus Christi 1976), *rev'd,* 564 S.W.2d 682 (Tex.1978); *Turcotte v. Trevino,* 467 S.W.2d 573 (Tex.Civ.App.-Corpus Christi 1971, writ ref'd n.r.e.) (per curiam); *Alice Nat'l Bank v. Trevino,* 445 S.W.2d 237 (Tex.Civ.App.-Beaumont 1969, no writ); *Alice Nat'l Bank v. Corpus Christi Bank & Trust,* 431 S.W.2d 611 (Tex.Civ.App.-Corpus Christi 1968), *aff'd,* 444 S.W.2d 632 (Tex.1969); *Gregory v. Lytton,* 422 S.W.2d 586 (Tex.Civ. App.-San Antonio 1967, writ ref'd n.r.e.); *Alice Nat'l Bank v. Edwards,* 408 S.W.2d 307 (Tex.Civ.App.-Corpus Christi 1966, no writ); *Edwards v. State of Texas ex rel. Lytton,* 406 S.W.2d 537 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd); *Turcotte v. Alice Nat'l Bank,* 394 S.W.2d 228 (Tex.Civ.App.-Waco 1965), *rev'd,* 402 S.W.2d 894 (Tex.1966); *Alice Nat'l Bank v. Edwards,* 383 S.W.2d 482 (Tex.Civ. App.-Corpus Christi 1964, writ ref'd n.r.e.) (per curiam); *Kimmel v. Lytton,* 371 S.W.2d 927 (Tex.Civ.App.-Waco 1963, writ ref'd).

2. Additional relators are Frost National Bank, former Executor of the Estate of Elena Suess Kenedy, Deceased, and Frost National Bank and Pablo Suess, Trustees of the John G. Kenedy, Jr. Charitable Trust.

3. Unless otherwise indicated, I apply throughout this dissenting opinion the version of the cited probate code sections in effect when the underlying suit was filed. *See* Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 106, setting forth and amending the 1999 version of TEX. PROB.CODE ANN. § 5 (current version at TEX. PROB.CODE ANN. § 5 (Vernon Supp.2004)). Although some provisions of probate code section 5 were amended

in 2003 and some provisions of probate code section 5A repealed and others amended, the enabling legislation for all these amendments provides that the changes in the code apply only to a probate proceeding or other action commenced on or after the effective date of the amendments. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 1060, § 17, 2003 Tex. Gen. Laws 3052, 3057.

4. Specifically, the Foundation and Trust challenge: (1) Second Order Transferring and Consolidating Causes of Action in Case No. 395, signed August 27, 2003, transferring and consolidating with Case No. 395 two bill-of-review proceedings filed by Fernandez in: (a) Case No. 03–CV–050 (*Humble Oil & Refining Company v. Sarita K. East and Elena S. Kenedy, Individually and as Independent Executrix of the Estate of John G. Kenedy, Jr., Deceased* ) from the 105th District Court of Kenedy County (as successor court to the 28th District Court of Kenedy County, Texas); and (b) Case No. 03–CV–051 (*Arnold R. Garcia, Temporary Administrator to the Estate of Sarita K. East, Deceased v. The John G. and Marie Stella Kenedy Memorial Foundation, et al.*), also from the 105th District Court of Kenedy County; and (2) Amended Order on the Plea to the Jurisdiction and Response of Frost National Bank and Pablo Suess, Trustees of the John G. Kenedy Jr. Charitable Trust and Frost National Bank, as Executor of the Estate of Elena Suess Kenedy and Brief Thereon to Plaintiff's Motion to Transfer Pending Cases and the John G. and Marie Stella Kenedy Memorial Foundation's Motion to Dismiss for Lack of Jurisdiction and Brief Thereon, and the Joinders filed by the Attorney General of

Foundation and Trust do not suggest that Fernandez's claims are not "appertaining to or incident to an estate." *See id.* Rather, they argue they are entitled to extraordinary relief because: (1) a bill of review must be decided by the court that rendered the challenged judgment; and (2) no estate was pending before the statutory probate court judge when the judge ordered the transfers. They conclude there is no adequate remedy for the statutory probate court judge's interference with the district court's jurisdiction, citing *In re SWEPI, L.P.,* 85 S.W.3d 800 (Tex.2002) (orig.proceeding). The Foundation and Trust point out that the supreme court granted mandamus relief in *In re SWEPI* in reversing a statutory probate court's section 5B transfer. *See id.* at 809; *see also* TEX. PROB.CODE ANN. § 5B.

Fernandez responds that the Foundation and Trust are not entitled to the extraordinary remedy provided by mandamus. She directs our attention to the record. The record reflects that the Foundation and Trust: (1) successfully sought and do not challenge the statutory probate court judge's assignment pursuant to section 5(b) of the probate code;[5] and (2) do not challenge the statutory probate court

judge's transfer of other proceedings as requested by the Foundation and Trust themselves.[6]

The Foundation and Trust counter that jurisdiction cannot be conferred by agreement and may be challenged at any time. They acknowledge that pleas to the jurisdiction, as incidental trial rulings for which the relator generally has an adequate appellate remedy, ordinarily are not reviewable by mandamus. *See In re SWEPI,* 85 S.W.3d at 808. Nonetheless, the Foundation and Trust argue, mandamus relief is appropriate when one court interferes with another court's jurisdiction. *See id.* at 809. I turn to a discussion of the statutory probate court legislative scheme and transfers at issue. I present only an abbreviated summary of events here to place this original proceeding in its proper context.

## II. THE CHALLENGED TRANSFERS

### A. The Underlying Causes of Action

On October 16, 2001, Fernandez filed in the County Court of Kenedy County, Texas, sitting in probate, an "Application to Set Aside Order Probating Will with Application for Declaration and Determination of Heirship" in Case No. 189 (*Estate*

---

the State of Texas, in Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*), signed September 11, 2003.

**5.** *See* TEX. PROB.CODE ANN. § 5(b).

**6.** Specifically, the Foundation and Trust do not challenge: (1) Order Granting Motion of The John G. Kenedy, Jr. Charitable Trust for Assignment of Statutory Probate Court Judge in Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*) in the County Court of Kenedy County, Texas in Probate, signed June 10, 2002; (2) Minute Order of Presiding Statutory Probate Judge assigning The Honorable Guy Herman, a statutory probate judge, in Case No. 344 (*Estate of Sarita K. East*) and Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*) in the County Court of

Kenedy County, Texas in Probate, signed June 28, 2002; (3) the statutory probate court judge's Order Transferring and Consolidating Causes of Action in Cause No. 344, signed November 5, 2002; or (4) the statutory probate court judge's companion Order Transferring and Consolidating Actions in Cause No. 395, signed November 5, 2002 (collectively, the "First Transfer Orders"). Together, the First Transfer Orders consolidated Case No. 344 (*Estate of Sarita K. East*) with Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*) and transferred into the resulting consolidated Case No. 395:(1) two causes of action filed by Ann M. Fernandez in the County Court of Kenedy County; (2) one cause of action filed by her in the 94th District Court of Nueces County.

*of John G. Kenedy, Jr.*). On May 8, 2002, she filed bill-of-review proceedings in a "Plaintiff's Original Petition with Application for Temporary Restraining Order" in Case No. 02–2331–C (*Fernandez v. Exxon Mobil*) in the 94th District Court of Nueces County, Texas. On May 9, 2002, she filed bill-of-review proceedings in an "Application for Declaration of Heirship and Suit for Accounting and Distribution" in Case No. 344 (*Estate of Sarita K. East*) and in Case No. 379 (*Estate of Elena Suess Kenedy*), also in the County Court of Kenedy County, Texas, sitting in probate. That same day and in the same court, Fernandez filed bill-of-review proceedings in an "Application for Declaration of Heirship and Suit for Accounting and Distribution" in new Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*). On May 14, 2002, Fernandez filed in the 105th District Court of Nueces and Kenedy Counties a bill of review in an "Application for Declaration of Heirship and Suit for Accounting and Distribution" in Case No. 02–2959–D (originally 101–209–D) (*Sarita K. East Will Contest*).

### B. The Assignment of a Statutory Probate Court Judge with Transfer Power

#### 1. The Statutory Authority for the Assignment

Kenedy County does not have a statutory probate court. *See* Tex. Gov't Code Ann. §§ 25.1331–.1340 (reserved for Kenedy County). In counties with no statutory probate court, section 5(b) of the probate code outlines the following procedure in contested probate matters:

> (b) In those counties in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on the judge's own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate court judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court....

Tex. Prob.Code Ann. § 5(b). "Probate matter" is defined by section 3(bb) of the probate code:

> "Probate matter," "Probate proceedings," "Proceeding in probate," and "Proceedings for probate" are synonymous and include a matter or proceeding relating to the estate of a decedent.

Tex. Prob.Code Ann. § 3(bb). "Estate" is defined by section 3(*l*):

> "Estate" denotes the real and personal property of a decedent, both as such property originally existed and as from time to time changed in form by sale, reinvestment, or otherwise, and as augmented by any accretions and additions thereto (including any property to be distributed to the representative of the decedent by the trustee of a trust which terminates upon the decedent's death) and substitutions therefor, and as diminished by any decreases therein and distributions therefrom.

Tex. Prob.Code Ann. § 3(*l*). The county court is without discretion to ignore a party's request for assignment of a statutory probate court judge under section 5(b). *In re Vorwerk*, 6 S.W.3d 781, 784–85 (Tex. App.-Austin 1999, orig. proceeding).

#### 2. The Foundation's and the Trust's Requests for Assignment

On May 14, 2002, the Foundation filed a motion in Case No. 395 that asked the

Kenedy County Court for assignment of a statutory probate court judge pursuant to section 5(b). *See* TEX. PROB.CODE ANN. § 5(b). The Foundation filed a similar motion on May 15, 2002 in Case No. 344. On June 10, 2002, the Trust followed suit in Case No. 395. That same day, the Kenedy County Court granted the Foundation's and the Trust's motions for assignment of a statutory probate court judge.

### 3. The Assignment Procedure

Section 25.0022 of the government code governs the administration of statutory probate courts and provides:

(h) A judge or a former or retired judge of a statutory probate court may be assigned to hold court in a statutory probate court, county court, or any statutory court exercising probate jurisdiction when:

\* \* \*

(7) a county court judge requests the assignment of a statutory probate judge to hear a probate matter in the county court;

\* \* \*

(i) A judge assigned under this section has the jurisdiction, powers, and duties given by Sections 5, 5A, 5B, 606, 607, and 608, Texas Probate Code, to statutory probate court judges by general law.

TEX. GOV'T CODE ANN. § 25.0022(h)(7), (i) (Vernon Supp.2004).

### 4. The Assignment

On June 28, 2002, on the request of the Kenedy County Court, the presiding statutory probate judge appointed a statutory probate court judge in Case Nos. 344 and 395. The minute order documenting the assignment specifies that the statutory probate court judge is "to preside over all contested matters in the above-referenced causes with all rights, powers and privileges held by the regular judge of the court assigned and the attendant jurisdiction of a statutory probate court."

### 5. The Transfer Power of Statutory Probate Court Judges

Section 5B of the probate code applicable to this case ("Transfer of Proceedings") provides:

A judge of a statutory probate court on the motion of a party to the action or on the motion of a person interested in the estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B. A statutory probate court is defined in section 3(ii) of the probate code as:

a statutory court designated as a statutory probate court under Chapter 25, Government Code. A county court at law exercising probate jurisdiction is not a statutory probate court under this Code unless the court is designated a statutory probate court under Chapter 25, Government Code.

TEX. PROB.CODE ANN. § 3(ii). Finally, section 5A(d) of the probate code provides that "[a] statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy." TEX. PROB.CODE ANN. § 5A(d).

The purpose of this assignment and transfer statutory scheme is to promote judicial economy and the efficient administration of estates by permitting transfer of related proceedings from other courts.

*See Reliant Energy, Inc. v. Gonzalez*, 102 S.W.3d 868, 881 (Tex.App.-Houston [1st Dist.] 2003, pet. granted) (en banc) (op. on reh'g); *see In re Houston Northwest Partners*, 98 S.W.3d 777, 780–81 (Tex.App.-Austin 2003, orig. proceeding) (citing *In re Ramsey*, 28 S.W.3d 58, 62–63 (Tex.App.-Texarkana 2000, orig. proceeding) ("Section 5B's purpose is to allow consolidation of all causes of action incident to an estate in the statutory probate court in order to promote efficient administration of estates and judicial economy."); *Henry v. La-Grone*, 842 S.W.2d 324, 327 (Tex.App.-Amarillo 1992, orig. proceeding) ("The purpose of Section 5B is to allow a statutory probate court to consolidate all causes of action which are incident to an estate so that the estate can be efficiently administered.")); *see also In re Graham*, 971 S.W.2d 56, 59–60 (Tex.1998) (orig.proceeding) (discussing legislative intent "as evidenced by the Legislature's persistent expansion of statutory probate court jurisdiction over the years"). The transfer power conferred on statutory probate court judges allows consolidation in one court of all causes of action incident to an estate. *See Reliant Energy*, 102 S.W.3d at 881.

### 6. The Foundation's and the Trust's Requests for Transfers

On July 17, 2002, the Foundation sought transfer by the newly assigned statutory probate court judge of the bills of review in Case No. 02–2331–C, pending in the 94th District Court, and Case No. 02–2959–D, pending in the 105th District Court. On July 19, 2002, the Trust also filed a motion to transfer but did not seek transfer of Case No. 02–2959–D. On August 23, 2002, the Attorney General of the State of Texas intervened.

### 7. The Transfer Order

The statutory probate court judge granted the Foundation's request and transferred and consolidated Case No. 02–2959–D, along with the other transfers the Foundation and Trust requested, by order dated November 5, 2002. The Foundation and Trust now challenge the transfer of Case No. 02–2959–D from the 105th District Court. They do not challenge the transfer of Case No. 02–2331–C from the 94th District Court.

### 8. Fernandez's Requests for Transfers

On May 13, 2003, Fernandez filed bills of review in Case No. 03–CV–50 (originally Case No. 35) (*Humble Oil v. East, et al.*) and Case No. 03–CV–51 (originally Case No. 85) (*Garcia v. Kenedy Memorial Foundation*), both in the 105th District Court. On August 13, 2003, Fernandez filed motions to transfer and consolidate Case Nos. 03–CV–50 and 03–CV–51 into Case No. 395.

At this point, the Foundation and Trust opposed Fernandez's requested transfers from the 105th District Court of the bill-of-review proceedings in Case Nos. 03–CV–50 and 03–CV–51. They filed motions to dismiss, later joined by the Attorney General,[7] asserting that the statutory probate

---

7. The majority finds significant that the transfers of Case No. 03–CV–050 (*Humble Oil & Refining Company v. Sarita K. East and Elena S. Kenedy, Individually and as Independent Executrix of the Estate of John G. Kenedy, Jr., Deceased*) and No. 03–CV–051 (*Arnold R. Garcia, Temporary Administrator to the Estate of Sarita K. East, Deceased v. The John G. and Marie Stella Kenedy Memorial Foundation, et al.*) had not yet occurred when the pleas to the jurisdiction were filed. The majority concludes that the parties sought a remedy that the probate court judge could not provide at the time the motions to dismiss were filed. As I read the record, the Trust's motion to dismiss was filed in response to Fernandez's motion to transfer those two cases. Therefore, the probate court judge's denial of the

court lacked jurisdiction because: (1) there was no currently pending estate matter to which its jurisdiction could attach or on which jurisdiction over matters incident to an estate could attach; (2) only the court that rendered the judgment being attacked has jurisdiction over a bill of review; and (3) there was no statutory basis for the court's assumption of jurisdiction over the various issues in the case.

On August 27, 2003, the statutory probate court judge granted Fernandez's motion and transferred the two additional bill-of-review proceedings from the 105th District Court. By order dated September 11, 2003, the statutory probate court judge denied the Foundation's, the Trust's, and the Attorney General's motions to dismiss. In addition to the transfer of Case No. 02–2959–D, the Foundation and Trust now challenge the transfers of Case Nos. 03–CV–50 and 03–CV–51. Each is a bill of review attacking a final judgment or order of the 105th District Court. The other bills of review filed by Hernandez attack a final judgment in the 94th District Court

and judgments or orders of the Kenedy County Court, including the probate of John G. Kenedy, Jr.'s will.

## III. DISPOSITION

### A. Mandamus Standard of Review

Mandamus is appropriate only when the record shows: (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) no adequate remedy by appeal exists. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding) (per curiam). A trial court abuses its discretion in determining the legal principles that control its ruling if the court clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

### B. Denial of Extraordinary Relief

I assume, without deciding for purposes of this request for extraordinary relief, that the Foundation and Trust's objections to the transfer of bill-of-review proceed-

---

motions to dismiss on the same day he ordered the challenged transfers is logical and consistent with the way the parties presented their positions. The chronology is as follows:

The Foundation's motion to dismiss (filed August 13, 2003) sought dismissal of "all causes of action currently pending" before the statutory probate court judge in Case No. 395 "[i]n which the Foundation is named as a party." By August 13, 2003, Fernandez had named the Foundation as a party in: (1) a pleading filed in Case No. 189 (*Estate of John G. Kenedy, Jr.*); (2) a consolidated pleading filed in Cases No. 189 (*Estate of John G. Kenedy, Jr.*), No. 344 (*Estate of Sarita K. East*), and No. 379 (*Estate of Elena Suess Kenedy*); (3) a pleading filed in Case No. 344 (*Estate of Sarita K. East*); (4) a pleading filed in consolidated Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*); and (5) a pleading filed in Case No. 02–2331–C (*Fernandez v. Exxon Mobil*). The Foundation also reserved the right to adopt any jurisdictional challenges brought by the

Trust. The Attorney General joined the Foundation's motion to dismiss on August 14, 2003.

The Trust's motion to dismiss (filed August 20, 2003) asked the statutory probate court judge to deny Fernandez's motion to transfer two bill-of-review proceedings: (1) Case No. 03–CV–050 (*Humble Oil & Refining Company v. Sarita K. East and Elena S. Kenedy, Individually and as Independent Executrix of the Estate of John G. Kenedy, Jr., Deceased*) from the 105th District Court of Kenedy County (as successor court to the 28th District Court of Kenedy County, Texas); and (2) Case No. 03–CV–051 (*Arnold R. Garcia, Temporary Administrator to the Estate of Sarita K. East, Deceased v. The John G. and Marie Stella Kenedy Memorial Foundation, et al.*), also from the 105th District Court of Kenedy County. The Trust also reserved the right to adopt any jurisdictional challenges brought by the Foundation. The Attorney General joined the Trust's motion to dismiss on August 21, 2003.

ings to the statutory probate court judge are jurisdictional in nature. I agree with the majority that the jurisdiction of a court cannot be conferred by consent, waiver, or estoppel. *See Fed. Underwriters Exch. v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943); *Tourneau Houston, Inc. v. Harris County Appraisal Dist.*, 24 S.W.3d 907, 910 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (op. on reh'g). Lack of subject-matter jurisdiction is fundamental error and may be raised for the first time in an appellate court. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991) (per curiam).

However, entitlement to extraordinary relief is subject to waiver principles grounded in equity. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig.proceeding) ("Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles.") (citation omitted). "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id.* (quoting *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941) (orig.proceeding)).

The majority holds that the statutory probate court judge had no jurisdiction to transfer the bill-of-review proceedings because there was no "estate pending" in front of the statutory probate court judge at the time of the challenged transfers. I agree that a statutory probate court judge's transfer authority under section 5B is predicated on an "estate pending" to which the transferred case may attach. *See* Tex. Prob.Code Ann. § 5B. However, assignment of a statutory probate court judge in the first place only may occur in "contested probate matters." *See* Tex. Prob.Code Ann. § 5(b). Thus, if either: (1) transfers were not authorized by sec-

tion 5B because there was no "estate pending"; or (2) assignment of a statutory probate court judge was not authorized by section 5(b) because there were no "contested probate matters," all of the judge's transfers would be subject to challenge, not just transfer of the bill-of-review proceedings now challenged by the Foundation and Trust. *See Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex.2003) (explaining difference between void and voidable judgments); *see also Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 295 (Tex.App.-Fort Worth 2004, no pet.) (holding void for lack of subject-matter jurisdiction class certification order signed by statutory probate court judge).

Accordingly, I find dispositive the Foundation's and the Trust's requests for and failure to challenge at the time either the statutory probate court judge's assignment or the transfers, at their request, of Fernandez's other causes of action, including the bills of review from the 94th District Court and from the Kenedy County Court sitting in probate. Delay alone provides ample ground to deny mandamus relief. *See In re Xeller*, 6 S.W.3d 618, 624 (Tex. App.-Houston [14th Dist.] 1999, orig. proceeding) (and cited cases) (denying mandamus relief on laches grounds when sixteen months after appointment of master, relators challenged initial appointment, not master's recommendations).

Moreover, the question of abuse of discretion goes to whether the statutory probate court judge acted without guiding rules and principles in transferring the bill-of-review proceedings. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). I further distinguish *In re SWEPI* in that the supreme court held there that the transferred suit was not appertaining to or incident to the pending estate and therefore not subject to transfer. *In re SWEPI*, 85 S.W.3d at 808.

The Foundation and Trust do not suggest that Fernandez's bills of review are not "appertaining to or incident to an estate." *See* Tex. Prob.Code Ann. § 5B. Rather, they rely solely on cases citing the general common-law principle that bills of review are to be decided by the court whose judgment is being attacked. *See e.g., Solomon, Lambert, Roth & Assocs., Inc. v. Kidd,* 904 S.W.2d 896, 900 (Tex.App.-Houston [1st Dist.] 1995, no writ). The Foundation and Trust cite no authority, nor have I discovered any, expressly excluding bill-of-review proceedings from the exercise, by a duly assigned statutory probate court judge, of the transfer authority conferred by the assignment. *See In re Am. Home Prods. Corp.,* 980 S.W.2d 506, 510 (Tex. App.-Waco 1998, orig. proceeding) (denying mandamus relief over discovery order where "Relators have cited no authority prohibiting disclosure of the reports. . . ."). Thus, the guiding rules and principles applied by the statutory probate court judge in this case were the specific powers and transfer authority conferred by the probate and government codes and the more general common law governing bills of review. The statutory probate court judge balanced convenience with comity in favor of exercising the transfer power that flows from his unchallenged assignment under section 5(b). *See* Tex. Prob.Code Ann. § 5(b).

The majority's decision leads to the extraordinary result that a duly assigned statutory probate court judge would have no authority in other circumstances to transfer, under section 5B, the same bill of review that gave rise to the assignment under section 5(b) in this case. I would find that the statutory probate court judge's decision to transfer the bills of review is consistent with the Legislature's intent in conferring broad transfer powers on statutory probate courts. *See In re Graham,* 971 S.W.2d at 59–60.

I note that Fernandez has asserted either statutory bills of review under the probate code or equitable bills of review. *See* Tex. Prob.Code Ann. §§ 31, 93 (statutes of limitation in statutory bills of review and will contests); *see also* Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997) (residual limitations period applicable to equitable bills of review). Both may be subject to the discovery rule. *See Vandehaar v. ALC Fin. Corp.,* 25 S.W.3d 406, 409 (Tex.App.-Beaumont 2000, pet. denied) (equitable bill of review); *see also Escontrias v. Apodaca,* 629 S.W.2d 697, 698 (Tex. 1982) (statutory bill of review under section 93). As the majority notes, whatever the merits of Fernandez's attacks on the earlier judgments, she must prove her entitlement to prevail on the merits of her bills of review. She must hurdle the applicable statutes of limitation in each case as well. The decisions in those cases now will be made by different judges. The majority opinion leaves these parties with all the potential for duplicative effort and expenditures and inconsistent results inherent in parallel adjudications of the same rights between the same parties.

Finally, in determining if mandamus should issue, we cannot plumb the subjective reasoning of the court below. *In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 605 (Tex.1998) (orig.proceeding). We must focus on the record before the court and whether the decision not only was arbitrary but also amounted " 'to a clear and prejudicial error of law.' " *Walker,* 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding)). Given the pendency before the statutory probate court judge of other unchallenged proceedings that assert Fernandez's claim to the Kenedy estate, this record does not show that the Foundation and Trust will be prejudiced by transfer and consolidation of

Fernandez's district court bills of review with the other proceedings. *See In re Bristol–Myers*, 975 S.W.2d at 605; *see also Walker*, 827 S.W.2d at 839.

For each of these reasons, I cannot say the Foundation and Trust have satisfied the onerous burden of demonstrating that the statutory probate court judge clearly failed to analyze or apply the law correctly. *See Walker*, 827 S.W.2d at 840. Accordingly, I would find no abuse of discretion by the statutory probate court judge who, while serving at the Foundation and Trust's behest, transferred bills of review and consolidated them with other proceedings already transferred, also at their request.[8] Equity does not permit the Foundation and Trust to dismantle only part of the statutory probate court judge's exercise of section 5B's transfer authority while enjoying the convenience and consistency of consolidated proceedings through the conclusion of the remainder of this litigation. Mandamus is not appropriate.

### IV. CONCLUSION

I would deny the Foundation and Trust's request for extraordinary relief. I would express no opinion in this proceeding on the merits of the Foundation's and the Trust's motions to dismiss.[9] *See State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 261 (Tex.App.-Austin 1987, orig. proceeding).

---

**8.** The Foundation itself sought one of the transfers it now challenges.

**9.** For disposition by this Court of a related interlocutory appeal, see *The State of Texas v. Fernandez*, No. 13–03–546–CV, 159 S.W.3d 678, 2004 WL 1335855, 2004 LEXIS —— (Tex. App–Corpus Christi June 15, 2004, no pet. h.).