

NUMBER 13-06-00170-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANN M. FERNANDEZ,                                                      Appellant,

v.

THE JOHN G. AND MARIE STELLA
KENEDY MEMORIAL FOUNDATION,                            Appellee.

On appeal from the 105th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

By petition for bill of review, Ann Fernandez, appellant, directly attacked an agreed

judgment rendered in 1975. The John G. and Marie Stella Kenedy Memorial Foundation

(the "Foundation"), appellee, moved for summary judgment and an anti-suit injunction. The

district court granted the Foundation's motion for summary judgment and issued an anti-

suit injunction. Fernandez, by six issues, complains that the district court (1) lacked jurisdiction to render a summary judgment; (2) erred by granting a permanent anti-suit injunction; (3) erred in not applying the discovery rule; (4) erred in applying the law governing bills of review; (5) misapplied this State's standing and ripeness doctrines; and (6) lacked sufficient evidence to grant summary judgment on adverse possession grounds. We reverse and remand the summary judgment with instructions to abate the case and reverse and render a denial of the anti-suit injunction.

## I. BACKGROUND[1]

The judgment that Fernandez attacks is a settlement agreement entered by the district court in the estate of Sarita Kenedy East. Fernandez contends that she is the sole child of John G. Kenedy Jr., East's brother, and therefore, she is East's niece. In her petition for an equitable bill of review ("petition"), Fernandez asserts that she was a necessary party to the settlement agreement and seeks to overturn the district court judgment that incorporates the settlement agreement (the "Agreed Judgment Case").

Before petitioning the district court for an equitable bill of review, Fernandez filed an heirship application in East's probate court case in Kenedy County. Shortly after filing her petition in district court, Fernandez moved to abate her district court petition on grounds that the probate court held dominant jurisdiction over the probate issues in the case.[2] The

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and legal issues, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] The probate court attempted to transfer Fernandez's district court petition to itself. We, however, held that the probate court did not have statutory authority to transfer Fernandez's petition and directed the probate court to vacate its transfer order. *In re Kenedy Mem'l Found.*, 159 S.W.3d 133, 146 (Tex. App.–Corpus Christi 2004, orig. proceeding).

Foundation moved for both no-evidence and traditional summary judgments on various grounds, including laches and adverse possession. Fernandez amended her motion to abate and also moved to continue the case. The district court denied Fernandez's abatement and continuance motions and granted the Foundation a summary judgment without providing a rationale. The district court also issued an anti-suit injunction which prohibited Fernandez from proceeding with her probate matters in East's estate. This appeal ensued.

## II. DISCUSSION

In her first issue, Fernandez contends that the district court lacked jurisdiction to determine Fernandez's probate issues and should have abated its proceedings until the probate court disposed of Fernandez's heirship application.[3] We review the trial court's action in granting or denying a plea in abatement using an abuse of discretion standard. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Davis v. Guerrero*, 64 S.W.3d 685, 691 (Tex. App.–Austin 2002, no pet.)

---

[3] Fernandez's first issue challenges the district court's action on two jurisdictional grounds. Fernandez's first jurisdictional argument is that the bill of review was not properly before the district court. She notes that the probate court did not follow this Court's direction by failing to vacate its order transferring the Agreed Judgment Case from district court to probate court. *In re Kenedy Mem'l Found.*, 159 S.W.3d 133, 146 (Tex. App.–Corpus Christi 2004, orig. proceeding). She argues that because the probate court's transfer order was never vacated, the case had "never been physically transferred back" to the district court and that, therefore, the district court lacked jurisdiction.

Fernandez's "never-transferred-back" argument fails because any order rendered by a trial court lacking in jurisdiction, other than granting a motion to dismiss, is void and should be regarded as if it never existed. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995); *Greathouse v. McConnell*, 982 S.W.2d 165, 167 (Tex. App.–Houston [1st Dist.] 1998, pet. denied). We previously held that the probate judge "had no authority under section 5B of the probate code to order the transfers and abused his discretion in doing so." *In re Kenedy Mem'l Found.*, 159 S.W.3d at 146. Therefore, the probate court's transfer orders should be regarded as if they never existed. Fernandez's first jurisdictional argument fails.

We construe Fernandez's second jurisdictional argument as a challenge to the district court's denial of her abatement motion. TEX. R. APP. P. 38.1(e) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."), 38.9.

The record is clear. On May 9, 2002, Fernandez filed an application for heirship and suit for accounting and distribution in the probate court. On May 14, 2003, Fernandez filed the instant petition for an equitable bill of review. Fernandez moved to abate the district court proceeding on August 26, 2003 and amended her abatement motion on March 21, 2006.

To maintain her bill of review proceeding, Fernandez was required to show that she had a then-existing right or interest in the Agreed Judgment Case. *See Rodriguez ex rel. Rodriguez v. EMC Mortgage Corp.*, 94 S.W.3d 795, 798 (Tex. App.–San Antonio 2002, no pet.) (providing that to maintain standing in a bill of review proceeding, the petitioner must have been a party to the underlying judgment or have had a then-existing right or interest in the district court's judgment). Fernandez sought abatement on the grounds that the probate court controlled the issue of whether she was one of East's heirs, which was central to her bill of review petition because an interest in East's estate would allow her to demonstrate standing in the Agreed Judgment Case.

We conclude Fernandez established a need to abate the proceeding because (1) her heirship application in the probate court was filed on May 9, 2002, which was nearly a year before she filed the equitable bill of review proceeding in district court; (2) her heirship application is currently pending; (3) the same parties are involved; and (4) the controversies are the same. *See S. County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 468 (Tex. App.–Corpus Christi 2000, no pet.) (op. on reh'g) (detailing the four elements a party must show in requesting an abatement).

The Foundation opposed abatement because in its opinion, the probate court did not have jurisdiction to entertain Fernandez's heirship application. Therefore, it reasoned,

4

the district court exerted dominant jurisdiction over the case. The Foundation, however, did not offer any probate court order that rejects Fernandez's heirship application. Additionally, it did not produce any evidence showing that the probate court had dismissed Fernandez's heirship application for want of jurisdiction. The Foundation also failed to present any evidence establishing one of the exceptions to the abatement rule. *See Wyatt*, 760 S.W.2d at 248.

In *Fernandez v. Frost Nat'l Bank, et al.*, No. 13-06-149-CV, slip op. at 12, 2008 Tex. App. LEXIS _____, at *___ (Tex. App.–Corpus Christi May __, 2008, no pet. h.), we held that a district court should abate a petition for bill of review brought by an alleged heir until the probate court determines the heirship question at the heart of the petition for bill of review. *Id*. The same rule applies to this case. We conclude that the district court abused its discretion in denying Fernandez's motion to abate. We sustain Fernandez's first issue.[4]

By her second issue, Fernandez challenges the anti-suit injunction issued by the district court that enjoins her from:

> taking any further action in the County Court of Kenedy County, Texas, inconsistent with the judgments of [the district court] which denied all claims and relief sought in Fernandez's "Application for Declaration of Heirship and Suit for Accounting and Distribution" filed in this cause, including, but not limited to, Fernandez's request seeking to reopen East's Estate, to establish an interest in property distributed from East's Estate to the Foundation, without further order from [the district court].

The decision to issue an anti-suit injunction rests within the sound discretion of the trial court. *London Mkt. Ins. v. Am. Home Assurance Co.*, 95 S.W.3d 702, 705 (Tex.

---

[4] This relieves us from having to address Fernandez's third, fourth, fifth, and sixth issues, for their resolution would not further affect the outcome of this appeal. TEX. R. APP. P. 47.1. Thus, the legal questions surrounding Fernandez's third through sixth issues, including the Foundation's grounds for summary judgment, remain unanalyzed by this Court.

App.–Corpus Christi 2003, no pet.).

In reviewing the trial court's decision, we are to draw inferences from the evidence in the manner most favorable to the trial court's ruling. *See id.* "A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts of the case." *Id.* (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). A trial court is within its power to base a decision on conflicting evidence; however, that evidence must reasonably support the trial court's decision. *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 717 (Tex. App.–Corpus Christi 2001, no pet.).

The Texas Supreme Court has determined that there are four instances in which an anti-suit injunction is appropriate: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996) (per curiam); *London Mkt.*, 95 S.W.3d at 705-06. There are no precise guidelines to determine the appropriateness of an anti-suit injunction, and the circumstances of each situation must be carefully examined. *See Gannon v. Payne*, 706 S.W.2d 304, 307 (Tex. 1986); *London Mkt.*, 95 S.W.3d at 709.

Fernandez complains that the district court was could not issue the anti-suit injunction. We agree. We have held that a district court that lacks probate jurisdiction cannot enjoin a party from proceeding in probate court. *See Fernandez*, No. 13-06-149-CV, slip op. at 14, 2008 Tex. App. LEXIS _____, at *___. Additionally, we do not find any of the instances that would support an anti-suit injunction to be present in this case. *See*

6

*id.*; *see also Harper*, 925 S.W.2d at 651 (Tex. 1996). Fernandez's second issue is sustained.

### III. CONCLUSION

In conclusion, we reverse the summary judgment and remand the case to the district court so that it can abate the underlying petition until the probate court resolves Fernandez's heirship application. Finally, the anti-suit injunction is reversed and a denial of the Foundation's request for injunctive relief is rendered.

*/s/ ROGELIO VALDEZ*
ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and filed
this the 22nd day of May, 2008.

7