

## NUMBER 13-06-00149-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ANN M. FERNANDEZ,                                     **Appellant,**

**v.**

FROST NATIONAL BANK, FORMER
EXECUTOR OF THE ESTATE OF
ELENA SUESS KENEDY, DECEASED,
AND FROST NATIONAL BANK
AND PABLO SUESS, TRUSTEES
OF THE JOHN G. KENEDY, JR. CHARITABLE TRUST,       **Appellees.**

On appeal from the 105th District Court of Kenedy County, Texas.

## OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Opinion by Chief Justice Valdez**

By petition for bill of review, Ann Fernandez, appellant, directly attacked a declaratory judgment rendered in 1949. Frost National Bank, Former Executor of the Estate of Ellena Suess Kenedy, Deceased, and Frost National Bank and Pablo Suess,

Trustees of the John G. Kenedy Jr. Charitable Trust (collectively referred to as the "Trustees"), appellees, moved for summary judgment and an anti-suit injunction. The district court granted the Trustees's motion for summary judgment and issued an anti-suit injunction. By three issues, Fernandez complains that the district court (1) lacked jurisdiction to render a summary judgment; (2) erred by granting summary judgment; and (3) erred by granting a permanent anti-suit injunction. We reverse and remand the summary judgment with instructions to abate the case and reverse and render a denial of the anti-suit injunction.

## I. BACKGROUND

John G. Kenedy Jr. ("Kenedy") died on November 26, 1948. He left a holographic will, dated March 7, 1943, which appointed his wife, Elena Suess Kenedy, as the independent executor of his estate. The will states, "I [bequeath] and devise to my beloved wife Elena Süss [sic] Kenedy all my property of every character and [description] both personal and mixed." The will was probated in the County Court of Kenedy County on December 29, 1948. Kenedy's estate included mineral interests that were leased to Humble Oil & Refining Company ("Humble Oil").

Humble Oil, on July 14, 1949, filed a will construction suit (the "Humble Oil Case") in district court to settle a potential ambiguity in the will. According to Humble's pleadings, the will could be read to leave an intestacy as to Kenedy's real property. Only Elena Suess Kenedy and Sarita Kenedy East, Kenedy's sister, received notice of the Humble Oil Case, and no attorney ad litem was appointed to represent unknown heirs. The district court rendered a judgment on October 12, 1949, finding that all of Kenedy's heirs were before it. The district court declared Kenedy's will did not leave an intestacy but instead passed

2

his interest in any real property to Elena S. Kenedy.[1]

## A.  Fernandez's Heirship Application and Petition for Bill of Review

On May 9, 2002, Fernandez filed an application for declaration of heirship in Kenedy's estate in the County Court of Kenedy County (the "probate court").  Fernandez alleged that her mother, Maria Saenz Rowland, was employed as a maid by Kenedy in the 1920s and that she is the child of a relationship between Rowland and Kenedy.  Fernandez further alleged that the Kenedy family disavowed and "covered up" Fernandez's paternity. Rowland allegedly told Fernandez, who was born on October 28, 1925, that Kenedy was her biological father in May 2000; that date, according to Fernandez, was the first time that she knew for certain that Kenedy was her father.  Based on her mother's declaration and past speculation, Fernandez claimed to be Kenedy's sole heir.

On May 13, 2003, Fernandez entered district court with a petition for an equitable bill of review ("petition") in the Humble Oil Case.  In her petition, Fernandez argued that she:  (1) was a necessary party to the Humble Oil Case and accordingly, that the judgment in that case was not binding on her; (2) had a right to an equitable bill of review because she was not afforded proper notice; (3) was entitled to set aside the judgment on constitutional grounds; and (4) timely pleaded her petition because the discovery rule tolled any applicable statute of limitations.  Shortly after filing her petition, Fernandez moved to abate her petition in the Humble Oil Case so that the probate court could transfer her petition to itself.  *See* TEX. PROB. CODE ANN. § 5B (Vernon Supp. 2007).

## B.  Probate and Mandamus Proceedings

---

[1] Although Humble's petition did not cite the applicable declaratory judgment statute, it is clear that the district court rendered declaratory relief.  *See* Acts 1943, 48th Leg., p. 265, ch. 164. (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 37.004 (Vernon 1997)).

3

On August 27, 2003, the probate court, which had been assigned a statutory probate judge, signed a "Second Order Transferring and Consolidating Causes of Action" (the "second transfer order").[2]  The second transfer order transferred Fernandez's equitable bill of review petition from the district court that had rendered the original judgment to the probate court; it also consolidated the transferred equitable bill of review proceeding into a newly created probate cause number, which housed the contested estates of John G. Kenedy Jr., Sarita Kenedy East, and Elena Suess Kenedy.

The Trustees petitioned this Court for mandamus relief from the second transfer order, and on February 9, 2004, this Court issued an order staying all proceedings in the contested estates.  In reciting the procedural history of the case, we noted that at the time the first and second transfer orders were signed, the estates in question had long since been closed and that no estates were pending before the probate court.  *In re Kenedy Mem'l Found.*, 159 S.W.3d 133, 144 (Tex. App.–Corpus Christi 2004, orig. proceeding) (hereinafter referred to as "this Court's mandamus opinion") ("The record indicates that the estates of Mr. Kenedy, Mrs. Kenedy, and Ms. East were all closed years ago, a fact no party disputes.").  This Court held that the probate court lacked statutory authority under section 5B of the probate code to order the transfer of the three bills of review because no estate was pending.  *Id.* at 145-46.  We conditionally granted mandamus relief and directed

---

[2] The second transfer order also transferred a related bill of review proceeding from district court to probate court.  *See Fernandez v. The John G. and Marie Stella Kenedy Mem'l Found.*, No. 13-06-539-CV, 2007 Tex. App. LEXIS _____, at * ___ (Tex. App.–Corpus Christi May __, 2008, no pet. h.).

On November 5, 2002, the same assigned statutory probate judge signed an order transferring and consolidating causes of action (the "first transfer order") in yet another related bill of review proceeding.  *See Fernandez v. The John G. and Marie Stella Kenedy Mem'l Found.*, No. 13-06-170-CV, slip op. at 3, 2007 Tex. App. LEXIS _____, at * ___ n.2 (Tex. App.–Corpus Christi May. __, 2008, no pet. h.).

4

the probate court to vacate its transfer orders. *Id*. at 146.[3]

On June 18, 2004, the probate court ordered Kenedy's remains exhumed and examined to determine whether he is Fernandez's biological father. The Trustees sought a writ of mandamus from this Court for protection from the exhumation order, but its request was denied. *In re Frost Nat'l Bank*, No. 13-04-339-CV, 2004 Tex. App. LEXIS 6002, at *1 (Tex. App.–Corpus Christi Jul. 6, 2004, orig. proceeding) (per curiam). The Trustees took their request for mandamus relief (the "exhumation mandamus") to the supreme court, which stayed the exhumation order. *In re Frost Nat'l Bank*, No. 04-0608, 200_ Tex. LEXIS ____(Tex. ____). The exhumation mandamus was consolidated with a related original proceeding, *see In re Kenedy Found.,* No. 04-0607, 200_ Tex. LEXIS _____ (Tex. _____), and submitted at oral argument on September 29, 2005.[4]

**C.** **Summary Judgment**, **Probate Proceedings** *Redux***, and Injunctive Relief**

On January 6, 2006, the Trustees filed motions for no-evidence and traditional summary judgment in the equitable bill of review proceeding. The Trustees raised numerous grounds for summary judgment, including laches, adverse possession, construction of the will, and lack of standing.

Before responding to the Trustees's summary judgment motions in district court, Fernandez, on February 27, 2006, filed a "Motion to Re-Open Estate of John G. Kenedy, Jr., Transfer Humble Oil Case Under Texas Probate Code 5B, and Motion for Partial Summary Judgment of Ann Fernandez" ("probate court motion") in probate court.

---

[3] This Court's mandamus opinion was handed down on June 16, 2004; to date the record does not evidence that the transfer orders have been vacated.

[4] On February 25, 2008, the supreme court abated the consolidated original proceedings pending resolution of this appeal and its two related appeals.

Fernandez pleaded to the probate court that constitutional and equitable grounds supported "re-opening" Kenedy's estate and called for the appointment of a temporary administrator. She also requested a transfer of the Humble Oil Case from district court to probate court. Through her probate court motion, Fernandez sought a partial summary judgment declaring that: (1) the Humble Oil Judgment was void; (2) Kenedy died intestate; (3) retroactive application of modern intestacy statutes was constitutionally required; (4) the applicable standard for paternity was by a preponderance of the evidence; and (5) the discovery rule applied.

In response to Fernandez's probate court motion, the Trustees filed, in the district court, an emergency application for temporary restraining order; they also sought a permanent injunction. The Trustees argued that Fernandez was attempting to circumvent the district court's jurisdiction by filing her probate court motion and setting it for a hearing just a few days before the district court was scheduled to hear the Trustees's summary judgment motions. The district court (1) issued a temporary restraining order prohibiting Fernandez from proceeding with her probate court motion and (2) scheduled a hearing on the Trustees's request for a permanent injunction.

After being enjoined from proceeding in probate court, Fernandez returned to district court and filed a response to the Trustees's summary judgment motions. She also amended her abatement motion to include an argument that the probate court held dominant jurisdiction over her petition because "[t]he parties and the issues presented in [the probate court proceeding] are the same parties and issues presented in this cause."

## D.    District Court's Orders and Notices of Appeal

The district court, on March 27, 2006, denied Fernandez's motion to abate and

6

granted a summary judgment in the Trustees's favor without specifying the grounds. Fernandez filed her notice of appeal on March 28, 2006.

On April 12, 2006, the district court permanently enjoined Fernandez from pursuing the Humble Oil Case in the probate court. The district court then entered a modified summary judgment that incorporated the originally-granted summary judgment and the injunctive relief on April 25, 2006. Fernandez filed an amended notice of appeal. No findings of fact and conclusions of law were requested. This appeal ensued.

## II. SUMMARY JUDGMENT

By her first issue, Fernandez challenges the denial of her motion to abate and the district court's jurisdiction.[5] Fernandez argues that the district court was without jurisdiction to act on the Trustees's summary judgment motions because the probate court was in the process of determining whether she was an heir, which in turn, would settle the question of whether she had an interest in the Humble Oil Case. In her motion to abate, Fernandez argued that the probate court had acquired dominant jurisdiction over the probate

---

[5] Fernandez's first issue challenges the district court's action on two jurisdictional grounds. Fernandez's first jurisdictional argument is that the bill of review was not properly before the district court. She notes that the probate court did not follow this Court's direction by failing to vacate its order transferring the Humble Oil Case from district court to probate court. *In re Kenedy Mem'l Found.*, 159 S.W.3d 133, 146 (Tex. App.–Corpus Christi 2004, orig. proceeding). She argues that because the probate court's transfer order was never vacated, the case had "never been physically transferred back" to the district court and that, therefore, the district court lacked jurisdiction.

Fernandez's "never-transferred-back" argument fails because any order rendered by a trial court lacking in jurisdiction, other than granting a motion to dismiss, is void and should be regarded as if it never existed. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995); *Greathouse v. McConnell*, 982 S.W.2d 165, 167 (Tex. App.–Houston [1st Dist.] 1998, pet. denied). We previously held that the probate judge "had no authority under section 5B of the probate code to order the transfers and abused his discretion in doing so." *In re Kenedy Mem'l Found.*, 159 S.W.3d at 146. Therefore, the probate court's transfer orders should be regarded as if they never existed. Fernandez's first jurisdictional argument fails.

We construe Fernandez's second jurisdictional argument as a challenge to the district court's denial of her abatement motion. TEX. R. APP. P. 38.1(e) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."), 38.9.

questions posed by her petition. The district court denied Fernandez's motion to abate without providing a rationale.

At oral argument and in defense of their summary judgment, the Trustees argued that the district court assumed Fernandez's status as an heir and that she had standing when it acted on the summary judgment motions. The Trustees's argument that a court may assume standing for purposes of a disposititve motion does not comport with our jurisprudence on standing. Standing cannot be conferred by estoppel. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-46 (Tex. 1993). Standing, moreover, is implicit in the concept of subject-matter jurisdiction. *Munters Corp. v. Locher*, 936 S.W.2d 494, 496 (Tex. App.–Houston [14th Dist.] 1997, n.w.h.). Jurisdiction is authorized by constitution or statute, and it is not something the parties can confer by consent or waiver or abrogate by agreement. *Walls Regi'l Hosp. v. Altaras*, 903 S.W.2d 36, 40-41 (Tex. App.–Waco 1997, no writ).

The Trustees's argument that the district court assumed standing is without merit and must be dispatched as a threshold matter. The real jurisdictional problem plaguing the summary judgment is that it was rendered by a district court that did not have control over the heirship issues that are central to Fernandez's petition.

## A. The Bill of Review Proceeding

We begin by reviewing the controlling authority on bills of review. A bill of review is a direct attack on a judgment. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 709 (1961). To have standing to bring a bill of review, the plaintiff in the bill of review action must have been a party to the prior judgment or have had a then-existing right or interest prejudiced by the judgment. *Rodriguez ex rel. Rodriguez v. EMC Mortgage Corp.*, 94

8

S.W.3d 795, 798 (Tex. App.–San Antonio 2002, no pet.); *Lerma v. Bustillos*, 720 S.W.2d 204, 205 (Tex. App.–San Antonio 1986, no writ); *Barrow v. Durham*, 574 S.W.2d 857, 860 (Tex. Civ. App.–Corpus Christi 1978), *aff'd*, 600 S.W.2d 756 (Tex. 1980).

There is no question that Fernandez was not a party to the Humble Oil Case. Thus, the key question in Fernandez's petition for an equitable bill of review is whether she had a then-existing right or interest in the Humble Oil Judgment. When the Humble Oil Case was tried, however, this State's intestacy statutes precluded a non-marital child from inheriting from her father's estate unless the parents subsequently married and the child's father recognized the child as his own. *See* Act to Regulate the Descent and Distribution of Intestates' Estates approved Jan. 28, 1840, Republic of Texas, First Session of Third Congress, *reprinted in* 2 *H.P.N. Gammel, The Laws of Texas 1822-1897*, at 306-309 (Austin, Gammel Book Co. 1898); *Dickson v. Simpson*, 807 S.W.2d 726, 727 (Tex. 1982) (providing that as a general rule, the statutes in force at the time of death govern the disposition of the decedent's estate). It is undisputed that this did not happen. Thus, issues exist as to (1) whether Fernandez is actually Kenedy's child, and (2) the unconstitutionality of the heirship statutes as applied to Fernandez. These probate issues control whether Fernandez has a right to an equitable bill of review in the Humble Oil Case.

Shortly after filing her petition with the district court, Fernandez moved to abate the district court proceeding so that her paternity and interest, if any, in Kenedy's estate could be determined through her earlier-filed heirship application. Fernandez sought to abate her bill of review proceeding in district court because exclusive original jurisdiction to determine heirship is conferred upon the county court sitting in probate, and the district court has no such original jurisdiction. *See Palmer v. Coble Wall Trust Co.*, 851 S.W.2d

9

178, 180 n.3 (Tex. 1992). Thus, whether Fernandez had an interest in Kenedy's estate is undoubtably a probate question that must be resolved by the probate court and, in this case, cannot be resolved in district court.

We must now consider the law governing this State's abatement process and decide whether the district court followed it.

## B.  Plea in Abatement

When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted because the court of the first-filed case has dominant jurisdiction. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247-248 (Tex. 1988). The jurisprudential reason for the rule is that once a matter is before a court of competent jurisdiction, "its action must necessarily be exclusive" because it is "impossible that two courts can, at the same time, possess the power to make a final determination of the same controversy between the same parties." *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (citing *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1070 (1926)).

The party bringing the plea in abatement must show that (1) the other suit commenced first; (2) the suit is still pending; (3) the same parties are involved; and (4) the controversies are the same. *See S. County Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 468 (Tex. App.–Corpus Christi 2000, no pet.) (op. on reh'g). The movant has the burden of proof to establish the allegations in his motion to abate. *Flowers v. Steelcraft Corp.*, 406 S.W.2d 199, 199 (Tex. 1966); *S. County Mut. Ins. Co.*, 19 S.W.3d at 469.

We review the trial court's action in granting or denying a plea in abatement using an abuse of discretion standard. *Wyatt*, 760 S.W.2d at 248; *Davis v. Guerrero*, 64 S.W.3d

10

685, 691 (Tex. App.–Austin 2002, no pet.); *S. County Mut. Ins. Co.*, 19 S.W.3d at 468. The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Fernandez has shown that (1) her heirship application in the probate court was filed on May 9, 2002, which was nearly a year before she filed the equitable bill of review proceeding in district court; (2) her heirship application is currently pending; (3) the same parties are involved; and (4) the controversies are the same. The controversies are the same because Fernandez's heirship application and petition rest on the same assertion—Fernandez's paternity. Moreover, the probate court holds exclusive jurisdiction over the heirship and probate matters at the center of Fernandez's petition for an equitable bill of review. *See Palmer*, 851 S.W.2d at 180 n.3.

Because Fernandez established the basic elements for an abatement, the Trustees were obligated to refute Fernandez's abatement evidence or establish an exception to the abatement rule.[6] *See Flowers*, 406 S.W.2d at 199 (Tex. 1966); *cf. Hartley v. Coker*, 843 S.W.2d 743, 747 (Tex. App.–Corpus Christi 1992, no writ) (providing that if the second court determines that one of the exceptions applies, it may assume dominant jurisdiction and proceed to judgment).

The Trustees responded to Fernandez's abatement motion by arguing that the probate court could not exert dominant jurisdiction over Fernandez's interest in Kenedy's estate because it has long since been closed. The Trustees cited this Court's mandamus

---

[6] Three exceptions exist to the general rule requiring abatement of the second suit: (1) a party's conduct may estop him from asserting dominant jurisdiction in another court; (2) the first court may lack power to join parties to be joined if feasible; or (3) the party filing the first suit lacks the intent to prosecute it. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988).

11

opinion as authority for why the probate court did not hold jurisdiction over Fernandez's petition. This Court's mandamus opinion, however, was an original proceeding that dealt with the limited question of whether the probate court had the statutory authority to transfer the Humble Oil Case to itself. *In re Kenedy Mem'l Found.*, 159 S.W.3d 145-146. We did not, as the Trustees suggest, dispose of Fernandez's heirship application, and neither has the probate court. *Id.*[7] The Trustees did not refute Fernandez's abatement evidence or create a record of the abatement rule exceptions.

We conclude Fernandez established that she was entitled to an abatement of the equitable bill of review proceeding in district court and that the Trustees did not present any rebuttal evidence regarding Fernandez's motion to abate. The district court did not, therefore, follow guiding rules and principles and clearly abused its discretion by not abating Fernandez's petition and by rendering a summary judgment. Fernandez's first issue, as it relates to the trial court's denial of her motion to abate, is sustained.[8]

### III. ANTI-SUIT INJUNCTION

In her third issue, Fernandez complains that the injunction, issued by the district court in the equitable bill of review proceeding, constitutes an impermissible anti-suit injunction because it enjoins her from:

> . . . pursuing in the Kendey County Probate Court or any other District Court or Probate Court, except the 105th Judicial District Court of Nueces County, Texas, in cause number 03-CV-050, any matters seeking reconstruction of John G. Kenedy, Jr.'s will, any action that would relate to the testacy of John

---

[7] We also note that the Trustees did not present any probate court order that rejects Fernandez's heirship application. And as already stated, the probate court is the appropriate forum to determine Fernandez's heirship application.

[8] This relieves us from having to address Fernandez's second issue, which challenges the merits of the summary judgment, because its resolution would not further affect the outcome of this appeal. TEX. R. APP. P. 47.1. Thus, the Trustees's summary judgment grounds remain unanalyzed by this Court.

G. Kenedy, Jr., any action seeking a judicial declaration of heirship of John G. Kenedy, Jr., or any claims raised in Fernandez's Petition for Bill of Review filed in the 105th Judicial District Court on May 13, 2003, including but not limited to enjoing Ann M. Fernandez, her guardian Ray Fernandez, M.D., their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from proceeding in cause number 02-02331-C, styled *Ann M. Fernandez v. Exxon Mobil Corporation et. al*, in the 94th Judicial District Court in Nueces County, cause number 395, styled *The Estates of John G. Kenedy, Jr., Elena Suess Kenedy, and Sarita Kenedy East, Deceased*, in the County Probate Court of Kenedy County, Texas, cause number 189, styled *In the Estate of John G. Kenedy, Jr.,* in the County Probate Court of Kenedy County, Texas, and cause number 379, styled *In the Estate of Elena Suess Kenedy*, in the County Probate Court of Kenedy County.

Fernandez complains that the district court was without jurisdiction to issue the anti-suit injunction and that the Trustees did not marshal enough evidence to support the injunction.

## A.  Standard of Review

The decision to issue an anti-suit injunction rests within the sound discretion of the trial court. *London Mkt. Ins. v. Am. Home Assurance Co.*, 95 S.W.3d 702, 705 (Tex. App.–Corpus Christi 2003, no pet.).  In reviewing the trial court's decision, we are to draw inferences from the evidence in the manner most favorable to the trial court's ruling.  *See id.*  "A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts of the case." *Id*. (quoting *Downer*, 701 S.W.2d at 241-42).  A trial court is within its power to base a decision on conflicting evidence; however, that evidence must reasonably support the trial court's decision.  *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 717 (Tex. App.–Corpus Christi 2001, no pet.).

13

**B.    Applicable Law**

It is firmly established that "Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state."  *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex. 1986); *London Mkt.*, 95 S.W.3d at 705; *In re Est. of Dilasky*, 972 S.W.2d 763, 767 (Tex. App.–Corpus Christi 1998, no pet.).  "The general rule is that when a suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in another court of this state."  *Gannon*, 706 S.W.2d at 306-07 (citing *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1072 (1926)).

The Texas Supreme Court has determined that there are four instances in which an anti-suit injunction is appropriate: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation.  *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996) (per curiam); *London Mkt.*, 95 S.W.3d at 705-06.  There are no precise guidelines to determine the appropriateness of an anti-suit injunction, and the circumstances of each situation must be carefully examined.  *See Gannon*, 706 S.W.2d at 307; *London Mkt.*, 95 S.W.3d at 709.

**C.    Analysis**

We have already concluded that the district court improperly rendered a summary judgment, and instead, it should have abated Fernandez's petition.  The district court, therefore, could not enter an anti-suit injunction.

Additionally, we do not find any of the instances that would support an anti-suit injunction to be present in this case.  Because the heirship question at the center of

14

Fernandez's petition belongs in probate court, there is no threat to the district court's jurisdiction. *Harper*, 925 S.W.2d at 651. While Fernandez's heirship application and petition for an equitable bill of review hinge on her paternity, they are distinct actions and do not amount to multiple suits or harassing litigation. With regard to public policy considerations, the district court's anti-suit injunction prevents Fernandez from proceeding in the only forum capable of resolving her heirship issues. *Cf. Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 623 (Tex. 2005) (finding that a trial court did not abuse its discretion in issuing an anti-suit injunction to prevent a defendant from having to defend two suits when one of the suits would have been in an improper venue). If anything, the anti-suit injunction appears to cut against this State's public policy regarding open courts. *See* TEX. CONST. art. I, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."). Fernandez's third issue is sustained.

## IV. CONCLUSION

We reverse the district court's summary judgment and remand the case to the district court so that it can abate the underlying petition until the probate court resolves Fernandez's heirship application. Finally, the anti-suit injunction is reversed and a denial of the Trustees's request for injunctive relief is rendered.

*/s/ ROGELIO VALDEZ*
ROGELIO VALDEZ,
Chief Justice

Opinion delivered and filed
this the 22nd day of May, 2008.

15